**In re LAURA G.**

**No. 95–325–Appeal.**

Supreme Court of Rhode Island.

March 29, 1996.

Frank P. Iacono, Jr., E. Greenwich, Anthony E. Angeli, Jr., Providence, for Plaintiff.

Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument February 29, 1996, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The Department of Children, Youth and Families (DCYF) has appealed from a decree of the Family Court dismissing its petition that alleged sexual abuse and neglect of the subject child, Laura G. Evidence was presented before a justice of the Family Court that tended to show that the father of Laura G. had touched her in the area of her crotch and also on her breasts while she was fully clothed. She had disclosed this touching to the principal of her school. A "child protective investigator" employed by DCYF testified that she had interviewed Laura's father with the help of an interpreter. During the interview the father admitted to the child-protective investigator that he had raped his older daughter, Lesley, while living in Honduras approximately eight years before the interview. The father, however, denied touching Laura in any inappropriate way. Laura's mother also gave a statement to the child-protective investigator, stating that the father had only touched Laura while wrestling but not in any improper way. Laura's mother also told Detective Linda Stafford of the Pawtucket police department that her older daughter, Lesley, had disclosed to her that the father had raped her while they were living in Honduras. Laura told Michelle Lerner, a child and family therapist, that the father had sexually and physically abused her as well as her older sister but further stated that she wanted her father to return to the family home and believed that the abuse had ended.

During the course of the trial before a justice of the Family Court, Lesley testified on behalf of her father and denied that he had raped her when she was fourteen years old. She further denied telling Laura that she had been raped by the father. At the time of trial Lesley further testified that she and her daughter were residing in the family home with the mother and father.

On the basis of this testimony the trial justice made the following statement:

"So I have two credible daughters saying different things. The State's burden is by

clear and convincing evidence. The burden hasn't been sustained. It's impossible when I have one daughter who's credible and the other daughter who is credible both saying opposite things to have the burden sustained * * *."

On this theory the trial justice dismissed the petition on the ground that the state had failed to sustain its burden of proof. We are of the opinion that in so finding, the trial justice overlooked both relevant and material evidence and was clearly wrong. In light of Lesley's statements to her mother and other evidence that she had been raped by her father while living in Honduras, the trial justice was clearly wrong in finding her denial of the rape to be credible. Laura's testimony that she had been sexually touched by her father was uncontradicted at trial. The father's admission that he had raped Lesley as well as other evidence that this act had taken place, including statements by Lesley herself, made her recantation at trial wholly incredible.

For the foregoing reasons the appeal of DCYF is sustained. The decree appealed from is vacated and the case is remanded to the Family Court for a new trial to be conducted by a different justice of the Family Court.